IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA

v.                                           Criminal No. 25-CR-324-SAG

JOSEPH J. ATTAR

Defendant.

### ORDER PURSUANT TO Fed R. Crim. P. 5(f)

As amended on October 21, 2020, Federal Rule of Criminal Procedure 5(f) and the Due Process Protections Act, Pub. L. No 116–182, 134 Stat. 894 (Oct. 21, 2020) require that:

"In all criminal proceedings, on the first scheduled court date when both prosecutor and defense counsel are present, the judge shall issue an oral and written order to prosecution and defense counsel that confirms the disclosure obligation of the prosecutor under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and the possible consequences of violating such an order under applicable law."

Accordingly, the Court ORDERS the United States to adhere to the disclosure obligations set forth in *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. *Brady v. Maryland* instructs that "the suppression by the prosecution of evidence favorable to an accused" violates due process where the evidence is "material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87. Failure to adhere to this requirement in a timely manner may result in serious consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, vacating a conviction, or disciplinary action against the prosecution.

Having given counsel the oral admonition required by the Due Process Protections Act, the United States is ordered to produce in a timely manner all exculpatory evidence to the defendant pursuant to *Brady v. Maryland* and its progeny. Not doing so may result in the imposition of the sanctions referenced in this Order.

It is SO ORDERED.

Date:  10/30/25

Chelsea J. Crawford
United States Magistrate Judge