IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. SAG-25-324 |
| ) | |
| DALYA ATTAR, ) | |
| JOSEPH ATTAR, ) | |
|   a/k/a "Yossi Attar," ) | |
|   a/k/a "Jay Attar," and ) | |
| KALMAN G. FINKELSTEIN ) | |
| ) | |
|   **Defendants.** ) | |
| ) | |

**CONSENT MOTION FOR EXCLUSION OF TIME
FROM SPEEDY TRIAL ACT COMPUTATIONS**

Comes now the United States of America, by and through its counsel, and with the consent of all three defendants, and hereby respectfully submits the Government's Consent Motion for Exclusion of Time from Speedy Trial Act Computations. In support thereof, the Government submits the following:

1. On October 23, 2025, a federal grand jury returned an indictment charging Defendants with Conspiracy, in violation of 18 U.S.C. § 371, Extortion via Interstate Communications, in violation of 18 U.S.C. § 875(d), Interception and Disclosure of a Wire, Oral, or Electronic Communication, 18 U.S.C. § 2511(1)(c) and (d), Travel Act, in violation of 18 U.S.C. § 1952(a)(3) and (b)(2), and Aiding and Abetting, in violation of 18 U.S.C. § 2. (ECF No. 1).

2. On October 30, 2025, Defendants had their initial appearances. (ECF No. 16). Defendants were released on conditions. (ECF No. 11-13).

1

3. On December 6, 2025, the Court signed an order excluding the time period from November 5, 2025 through December 5, 2025 for the purposes of computing the time within which the trial in this matter must commence under the Speedy Trial Act.

4. The Government has begun producing extensive discovery to the defendants, and in the process of preparing and producing additional records. The discovery in this case includes numerous reports, recordings, body worn camera, search warrant returns, including cellular telephone and online account downloads, and other files. The discovery materials in this case are voluminous. The Government will also provide other materials as soon as received. The charges at issue are serious and present potentially complex factual and legal considerations. Defense counsel needs time to review discovery and speak with their clients. As such, the parties desire an exclusion of time to enable the production and review of discovery, including discussion of the discovery with Defendants, and to engage in any discussions regarding potential resolutions before a trial date is set. Specifically, the parties are seeking an exclusion of time from December 8, 2025 through February 5, 2026, for these purposes.

5. In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). In a multi-defendant case, the speedy trial clock begins to run from the date the last-named defendant makes his initial appearance before a judicial officer. *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

6. 18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance

on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

7. In light of the foregoing, the parties submit that the ends of justice served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the defendants and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7). The government is continuing to prepare discovery and have preliminary discussions with counsel. The parties require additional time in order to continue to enable further preparation of and for counsel's review of discovery materials, further investigation of the case, the consideration of possible resolution of the case short of trial and/or preparation for litigation, the preparation of pre-trial motions by both the government and defense (including consideration of motions *in limine*). Given this, the parties believe that holding a trial within 70 days would deny counsel for Defendants and the attorney for the Government the reasonable time necessary for effective preparation.

8. On December 4, 2025, counsel for the Government sent counsel for Defendants an email regarding this motion. On December 8, 2025, counsel for Defendants indicated via return email their clients' consent to the Government's motion. Accordingly, the Government requests, and counsel for Defendants consents to, tolling the speedy trial clock, in the interests of justice,

from between December 8, 2025 through February 5, 2026. Moreover, the Government submits that the Defendants will not be prejudiced by the grant of this motion. The ends of justice will be served by excluding this time period in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendants in a speedy trial.

WHEREFORE, the parties respectfully request that the time from December 8, 2025 though February 5, 2026, be excluded from Speedy Trial Act computations in this case. A proposed order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By: _____
Sean R. Delaney
Reema Sood
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court via the CM/ECF system, and thereby served counsel for the Defendants on December 8, 2025.

                              Respectfully submitted,

                              Kelly O. Hayes
                              United States Attorney

By: _____
       Sean R. Delaney
       Reema Sood
       Assistant United States Attorneys
       36 South Charles Street, Fourth Floor
       Baltimore, Maryland 21201
       (410) 209-4800