IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | CRIMINAL NO. SAG-25-324 |
| ) | |
| DALYA ATTAR, JOSEPH ATTAR, ) | |
|   a/k/a "Yossi Attar,"  ) | |
|   a/k/a "Jay Attar," and ) | |
| KALMAN G. FINKELSTEIN, ) | |
| ) | |
|   **Defendants**  ) | |
| ) | |

**ORDER**

Upon consideration of the Government's Consent Motion for Exclusion of Time from Speedy Trial Act Computations (the "Motion") and based on the facts and arguments provided in the Motion, the Court makes the following findings:

Under the provisions of the Speedy Trial Act, the Court may continue a defendants' trial beyond the 70-day period provided in 18 U.S.C. § 3161(c)(1) if the ends of justice served by such a delay outweigh the interests of the defendants and the public in a speedy trial.

Here, Defendants were indicted on October 23, 2025. The Defendants had their initial appearances on the indictment on October 30, 2025. A trial date in this case has not been set.

The Government is in the process of producing and preparing its discovery production, which is voluminous. The parties request additional time to review discovery and discuss any possible resolutions. Specifically, additional time is needed to allow the Government to produce discovery, for Defendants to properly review discovery, for the Defendants to prepare and file any necessary pre-trial motions, for the parties to fully brief the Defendants' potentially dispositive pre-trial motions, for both parties to prepare pre-trial motions, including motions *in limine*, for the parties to engage in any discussions regard potential resolutions, and for counsel for the parties to

1

prepare for trial. As such, trial within 70 days would deny counsel for Defendants and the attorneys for the Government the reasonable time necessary for effective preparation. Therefore, the ends of justice served by such a delay outweigh the interests of Defendants and the public in a speedy trial, thereby satisfying the requirements of 18 U.S.C. § 3161(h)(7).

Accordingly, it is this  9th  day of December, by the United States District Court for the District of Maryland, hereby:

ORDERED that the Motion is GRANTED pursuant to 18 U.S.C. § 3161(h); and

IT IS FURTHER ORDERED that the time period from December 5, 2025 through February 5, 2026, is hereby EXCLUDED in computing the time within which the trial in this matter must commence under the Speedy Trial Act.

/s/
Hon. Stephanie A. Gallagher
United States District Judge