**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> v. <br><br> DALYA ATTAR, et al., <br><br> Defendants. | Crim. No. 25-cr-00324-SAG |

**DEFENDANT JOSEPH ATTAR'S MOTION TO SEAL**

Defendant Joseph Attar, by and through his undersigned counsel, and pursuant to Local Rule 207.2, hereby moves to seal his Memorandum in Support of Motion to Suppress Evidence Obtained through Coercion and Index/Appendix of Exhibits 1-21 thereto, which have been designated as confidential by the government, and in support thereof, states as follows:

1.      "The public has a First Amendment right of access to criminal trials, pretrial proceedings, sentencings, and documents submitted in connection with those proceedings." *United States v. Russell*, 762 F. Supp. 3d 441, 442 (D. Md. 2025) (citing *In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850, 852 (4th Cir. 1989); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). However, courts may restrict access to documents submitted in connection with criminal proceedings in order "to serve a compelling government interest." *Id*. (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014)).

2.      Mr. Attar's Memorandum is replete with references to confidential material produced in discovery by the government, including but not limited to state and federal search warrants, affidavits of case agents in support of the search warrants, internal case memoranda, and correspondence with the government referencing statements of victims.

1

3.     Mr. Attar attaches the items generally described above as exhibits in support of his Motion to Suppress Cell Phone Evidence, all of which are confidential.

4.     The government has represented to counsel for Mr. Attar its discovery materials, including the items described above, are "of a private nature and contain personal information that the government and the defendant have a responsibility to protect from unneeded disclosure." *See, e.g.*, Exs. 11 (1.6.2026 S. Delaney Letter re: Discovery Production 4) and 19 (2.23.2026 S. Delaney Letter re: Discovery Production 5).

5.     Maintaining the confidentiality of government-produced documents is a compelling government interest. Moreover, there are no alternatives to sealing that would provide sufficient protection, as all or nearly all of the contents of the Memorandum relate to the confidential discovery material described above.

WHEREFORE, for the foregoing reasons, and consistent with the government's designations, Defendant respectfully requests that the Court enter an order sealing his Memorandum in Support of Motion to Suppress Evidence Obtained through Coercion, and Index/Appendix of Exhibits 1 to 21.

Dated: April 1, 2026

*/s/ Gregg L. Bernstein*
Gregg L. Bernstein (Bar No. 01340)
Samantha A. M. Kavanagh (Bar No. 21374)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD  21202
Tel No. (410) 332-0444
Fax No. (410) 659-0436
gbernstein@zuckerman.com
skavanagh@zuckerman.com

*Counsel for Defendant Joseph J. Attar*

2

## **CERTIFICATE OF SERVICE**

I certify that on April 1, 2026, I caused a copy of the foregoing to be served via CM/ECF

on all counsel of record.

*/s/ Gregg L. Bernstein*
Gregg L. Bernstein