**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| **v.** | * | |
| | | **Criminal No. SAG-25-0324** |
| **DAYLA ATTAR, et al.,** | * | |
| **Defendants.** | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

**MEMORANDUM IN SUPPORT OF THE BALTIMORE BANNER'S MOTION TO
INTERVENE AND IN OPPOSITION TO DEFENDANTS' MOTIONS TO SEAL**

Under the First Amendment, members of the press and the public have the right of access

to criminal trials, pretrial proceedings, sentencings, and documents submitted in connection with

those proceedings.  Members of the press and the public also have the right to challenge motions

to seal, which seek to restrict from public access materials that are of public concern.  Defendants

Joseph Attar and Kalman Finkelstein seek to seal their memoranda in support of their motions to

suppress evidence in their entirety, along with every accompanying exhibit, in a case involving the

criminal prosecution of a Maryland State Senator and a law enforcement officer.  The Baltimore

Banner, as a Maryland-based news organization that has extensively covered this case, has the

right to intervene for the purpose of challenging the motions to seal.  And as explained below,

those motions should be denied because they fail to establish a compelling interest that would

justify the sealing of judicial records or that alternatives to sealing are insufficient.

**BACKGROUND**

On October 23, 2025, the Grand Jury for the District of Maryland returned an eight-count

indictment, charging Dalya Attar, Joseph Attar, and Kalman Finkelstein with conspiracy,

extortion, violations of the Wiretap Act, and violations of the Travel Act.  ECF No. 1.  Dalya Attar

1

is a sitting Maryland State Senator, having previously served as a member of the Maryland House of Delegates and as an Assistant State's Attorney. *Id.* ¶ 1. In a 20-page speaking indictment, the government alleges that Dalya Attar, Joseph Attar, and Kalman Finkelstein (a sworn law enforcement officer with the Baltimore Police Department) conspired to, and engaged in, a multi-year campaign to threaten and extort two people.

Victim 1 was a paid political consultant for Dayla Attar's candidacy for the Maryland House of Delegates. *Id.* ¶ 6. The indictment sets forth, in detail, allegations that the Defendants "sought to surreptitiously obtain evidence of [a romantic] relationship between Victims 1 and 2 so that the evidence could be used to prevent Victim 1 from … taking any action that could negatively influence Dalya Attar's election campaigns." *Id.* ¶ 11. The indictment includes numerous quotes from WhatsApp text messages and WhatsApp voice messages, spanning from January 2020 to June 2022. It also provides a detailed description of the alleged offense conduct, including that the Defendants surreptitiously installed recording devices in an apartment where Victim 1 was staying, recorded Victims 1 and 2 in bed together, and threatened Victims 1 and 2 that the recording would be made public. *Id.* ¶ 12.

On December 16, 2025, Dalya Attar filed a motion to dismiss counts two, three, and five of the indictment. ECF No. 45. Ms. Attar's motion to dismiss was not filed under seal, and it included a screenshot of an October 4, 2018 WhatsApp message between Victim 1 and Joseph Attar. *Id.* at 2. As stated in Ms. Attar's motion to dismiss, "Victim 1's phone number has been redacted for privacy." *Id.*

On April 1, 2026, Joseph Attar filed a Motion to Suppress Cell Phone Evidence and a Motion to Suppress Evidence Obtained Through Coercion. ECF Nos. 57, 59. In support of those motions, Mr. Attar filed two memoranda of law, two indices of exhibits, and a total of 42 exhibits.

ECF Nos. 58, 61.  All of these documents were filed as "Proposed Sealed Documents" and are not accessible to the public.  Mr. Attar also filed two almost identical motions to seal.  *See* ECF Nos. 60, 62.  In those motions, Mr. Attar states that the memoranda in support of his motions to suppress are "replete with references to confidential material produced in discovery by the government, including but not limited to state and federal search warrants, affidavits of case agents in support of the search warrants, internal case memoranda, and correspondence with the government referencing statements of victims."  ECF No. 60 ¶ 2; ECF No. 62 ¶ 2.  Mr. Attar also claims that "there are no alternatives to sealing that would provide sufficient protection, as all or nearly all of the contents of the Memorandum relate to the confidential discovery material described above."  ECF No. 60 ¶ 5; ECF No. 62 ¶ 5.

On April 2, 2026, Kalman Finkelstein filed a Motion to Suppress Evidence, Request for Hearing, and Request for *Franks* Hearing.  ECF No. 67.  Mr. Finkelstein also moved to seal the memorandum in support of this motion, along with 26 exhibits.  ECF No. 66.  And, inexplicably, he asked the Court to seal his Request for Hearing.  *Id.*  Like the motions to seal filed by Mr. Attar, Mr. Finkelstein's motion states that his "Memorandum contains numerous references throughout to confidential material produced by the government, which the government has indicated is of a private nature and contains personal information" and that "the Exhibits to the Memorandum are copies of several of those confidential documents."  *Id.* ¶ 2.

## ARGUMENT

The Court should grant The Baltimore Banner's limited-purpose intervention to challenge the Defendants' request to seal case filings and exhibits in their entirety because, as a news organization, The Banner has the right to challenge the sealing of court records.  The Court should also deny the Defendants' motions to seal and order that the Defendants file their proposed sealed

documents on the public docket with narrowly tailored redactions, which should be subject to this Court's approval.

**I.     The Baltimore Banner Has the Right to Intervene for the Purpose of Challenging the Motions to Seal and to Obtain Access to Documents Filed with the Court.**

It is firmly established "that the press and general public have a constitutional right of access to criminal trials." *Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 603 (1982). To that end, members of the press and public have a right to intervene in a judicial proceeding to challenge the sealing of records, which restricts from public access judicial materials of public concern. *See Rosenfeld v. Montgomery Cnty. Pub. Schs.*, 25 F. App'x 123, 131 (4th Cir. 2001) ("[T]he press has standing to intervene in actions in which it is not otherwise a party to seek review of a district court's order sealing documents and court records."); *Smith v. Westminster Mgmt., LLC*, JKB-17-3282, 2018 WL 9944968, at *1 (D. Md. Jan. 11, 2018) ("The Media Intervenors have standing to move to intervene for the purpose of seeking access to records that would otherwise be public, but for the Defendants' Motion [to seal]."); *League of Women Voters of the United States v. Newby*, 963 F.3d 130, 135 (D.C. Cir. 2020) ("Every circuit court that has considered the question—including this one—has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." (internal quotation marks omitted)).

When a party moves to seal records, "representatives of the press and general public must be given an opportunity to be heard on the question of their exclusion." *Globe Newspaper Co.*, 457 U.S. at 609, n.25 (internal quotation marks omitted). Before sealing a document, the Court must, among other things, "provide public notice of the sealing request and provide a reasonable opportunity for the public to object." *United States v. Russell*, 762 F. Supp. 3d 441, 442 (D. Md.

4

2025).  The Local Rules in this District give effect to the public's right of access by allowing interested parties to lodge objections to motions to seal documents before the Court rules.  *See* Local Rule 207.2 (D. Md. 2025) ("The Court will rule on [a motion to seal] after sufficient time has passed to permit the filing of objections."); Local Rule 105.11 (D. Md. 2025) ("The Court will not rule upon the motion [to seal] until at least fourteen (14) days after it is entered on the public docket to permit the filing of objections by interested parties.").

The Banner is an independent news organization, and it has a right to intervene in this case to object to Defendants' motions to seal and to seek access to judicial records.  The Banner provides daily coverage of local, state, and national news, including coverage of civil and criminal proceedings in Maryland's state and federal courts.  The Banner has reported on this criminal prosecution since the day the indictment was unsealed on October 30, 2025.  Such coverage has included news articles concerning the allegations in the indictment, the Defendants' initial appearances, the Defendants' arraignments, and Defendant Dalya Attar's motion to dismiss certain counts of the indictment.  The Banner has also extensively reported on the Maryland General Assembly and on the Baltimore Police Department.  The Banner seeks to intervene for the limited purpose of challenging the motions to seal that were filed by two Defendants relating to their motions to suppress evidence.  The Banner has the right to intervene, and the Court should grant this motion.

## II.    The Public Has a Presumptive Right of Access to the Materials that Defendants Have Requested to be Sealed, which Defendants Fail to Overcome.

"The public has a First Amendment right of access to criminal trials, pretrial proceedings, sentencings, and documents submitted in connection with those proceedings."  *Russell*, 762 F. Supp. 3d at 442 (citing *In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850, 852 (4th Cir. 1989); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)); *see also Va. Dep't of State*

*Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004) ("The common law presumes a right of the public to inspect and copy all judicial records and documents." (internal quotation marks omitted)).  Public access to criminal proceedings is "an indispens[a]ble attribute" of our system of justice.  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 569 (1980).  The presumption of access is rooted in an "unbroken, uncontradicted history" that predates the Constitution, "supported by reasons as valid today as in centuries past," *id.* at 573, including "the therapeutic value of open justice" and the guarantee only transparency can provide "that the proceedings were conducted fairly to all concerned," *id.* at 569.

The presumption of access "can be rebutted if countervailing interests heavily outweigh the public interests in access," and "[t]he party seeking to overcome the presumption bears the burden of showing some significant interest that outweighs the presumption." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988).  As this Court has explained, "[u]nder the First Amendment, a court may restrict access only if such restriction is narrowly tailored to serve a compelling government interest." *Russell*, 762 F. Supp. 3d at 442 (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014)).  Before placing a document under seal, "the Court must (1) provide public notice of the sealing request and provide a reasonable opportunity for the public to object; (2) consider less restrictive alternatives; and (3) state its reasoning, together with findings, on the record." *Russell*, 762 F. Supp. 3d at 442.  Additionally, under this District's Local Rules for criminal cases, "[a]ny post-arrest motion seeking the sealing of filings other than charging documents shall include (a) proposed reasons supported by specific factual representations to justify the sealing and (b) an explanation why alternatives to sealing would not provide sufficient protection." Local Rule 207.2 (D. Md. 2025).

Here, the motions to seal filed by Defendants Joseph Attar and Kalman Finkelstein do not satisfy the requirements of the Local Rules, and they fail to demonstrate a compelling interest to justify the sealing of these records required by the First Amendment. The Defendants have not rebutted the presumption of public access that is afforded to court records.

The Defendants' motions make only a conclusory assertion that sealing every word of their memoranda in support of their motions to suppress, and every exhibit attached thereto, is justified because they purportedly reference "confidential material" that was produced in discovery by the government. But not all discovery in a criminal case is created equal, and a separate analysis for each document is required before the Court can conclude that sealing any individual document is justified. *See, e.g.*, *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1314-15 (11th Cir. 2001) (holding that district court failed to make sufficient factual findings regarding "specific documents" and directing it to consider "the nature and character of the information in question," supporting its decision "by findings of fact"); *United States v. Vives*, No. 02-20030 CR, 2006 WL 3792096, at *1-2 (S.D. Fla. Dec. 21, 2006) (analyzing request to unseal various docket entries on a document-by-document basis and unsealing certain documents with minor redactions).

Let's take, for example, Maryland state search warrants, which are identified in Mr. Attar's motions to seal as among the "confidential" documents in his proposed sealed filings.[1] Under Maryland law, an affidavit in support of a state search warrant may be sealed for a maximum of 60 days. *See* Md. Rule 4-601(d)(1) ("The judge may seal a supporting affidavit for up to 30 days,

---

[1] Mr. Attar has generally described the "confidential" documents that he requests to file under seal as "including but not limited to state and federal search warrants, affidavits of case agents in support of the search warrants, internal case memoranda, and correspondence with the government referencing statements of victims." ECF No. 60 ¶ 2; ECF No. 62 ¶ 2. Mr. Finkelstein, however, does not provide any description—general or otherwise—of the documents that he wishes to shield from public access.

subject to one 30-day extension as provided in Code, Criminal Procedure Article, § 1-203(e).");
Md. Code Ann., Crim. Proc. § 1-203(e) (authorizing a judge to seal a search warrant affidavit for
30 days, and permitting one 30-day extension of time for the affidavit to remain sealed).  Upon the
expiration of the order sealing the affidavit, the affidavit "shall be unsealed" and, within 15 days,
a copy must be delivered to the person from whom the property was seized.  Md. Rule 4-601(e)(4).
What's more, the ability to seal applies only to an *affidavit* in support of the search warrant; there
is no ability to seal the warrant itself or the warrant application, which are required to be left with
the person from whom the property was taken.  Md. Rule 4-601(d)(2).  There is no legitimate basis
to restrict access to these materials when, under Maryland law, they are public records.

With regard to federal search warrants issued in this investigation—another category
identified in Mr. Attar's motions to seal—it is not clear whether the warrant paperwork was sealed
or unsealed when originally filed.  This matters, of course, because there are no grounds for now
sealing those records if they were made public from the outset.  Even if the federal warrants were
sealed when they were first issued, there is a separate analysis that must now be conducted to
determine if those warrants should remain sealed.  *See Baltimore Sun Co. v. Goetz*, 886 F.2d 60,
64-65 (4th Cir. 1989) (holding that although "the press does not have a … right of access to an
affidavit for a search warrant" under the First Amendment, there is a "common law qualified right
of access to the warrant papers … committed to the sound discretion of the judicial officer who
issued the warrant").  Not to mention, the individual components of the search warrant package—
the application, warrant, affidavit, return, and motion to seal (if any)—must be separately analyzed
to determine whether continued sealing, in whole or in part, is appropriate *as to each specific
document*.  *See In re Search of Wellcare Health Plans, Inc.*, No. 07-MJ-1466-TGW, 2007 WL

8

4240740, at *1-2 (M.D. Fla. Nov. 28, 2007) (assessing each warrant document separately and determining that certain documents should be public while others should remain sealed).

More broadly, the Defendants' requests to block these materials from public access does not take into account the already public nature of this case and the volume of information that has already been publicly disclosed. The 20-page indictment alone includes multiple pages of direct quotes from WhatsApp text messages and WhatsApp voice messages involving the Defendants and the victims. Nor do the Defendants' sealing requests seem to appreciate that if the Court holds a hearing on their motions to suppress, that hearing will be open to the public and will likely include witness testimony and the introduction of exhibits into evidence.

It is also unclear why the *legal argument*—as opposed to specific references to confidential discovery material—in Defendants' memoranda in support of their motions to suppress cannot be filed on the public docket. *See e.g., Russell*, 762 F. Supp. 3d at 442 ("Here, the Motions to Seal contain legal argument and have no information that could possibly lead to the identification of Government witnesses (the concern that animates the Government's requests for sealing in this case). Because the Government has identified no reason—let alone a compelling interest—for maintaining the Motions to Seal under seal, they will be unsealed."). And it makes little sense that Mr. Attar would ask the Court to seal his indices of exhibits or that Mr. Finkelstein would ask the Court to seal his Request for Hearing.

The Defendants have provided only broad brushstrokes in support of their blanket sealing motions. They fail to set forth "specific factual representations" to justify sealing any of the records at issue, let alone all of them, despite a Local Rule that squarely requires them to do so. *See* Local Rule 207.2 (D. Md. 2025). Notably, the Defendants themselves are not even prepared to represent to this Court that *all* of the records they wish to seal are actually confidential, as their

9

motions claim that "all *or nearly all* of the contents of the Memorandum relate to the confidential discovery material described above."  ECF No. 60 ¶ 5; ECF No. 62 ¶ 5; ECF No. 66 ¶ 4 (emphasis added).  But because they have provided no specifics, the Court and the public are left to wonder which contents may not even meet the Defendants' broad definition of "confidential."

Not only have the Defendants failed to identify a compelling interest to rebut the presumption of public access, but their request for wholesale sealing of three legal memoranda and 68 total exhibits is not narrowly tailored.  *See Russell*, 762 F. Supp. 3d at 442 (observing that a restriction to public access must be "narrowly tailored to serve a compelling government interest" and that courts must "consider less restrictive alternatives").  The Defendants claim that there are no alternatives to sealing because, according to the Defendants, "all or nearly all of the contents of the Memorandum relate to the confidential discovery material described above."  ECF No. 60 ¶ 5; ECF No. 62 ¶ 5; ECF No. 66 ¶ 4.  But this blanket assertion—without any reference to specific documents or their contents—is insufficient, and it does not constitute "an *explanation* why alternatives to sealing would not provide sufficient protection."  Local Rule 207.2 (D. Md. 2025) (emphasis added).  By seeking complete redaction of every record, the Defendants have failed to address, on a document-by-document basis, whether there are less restrictive means to accomplish their ends.

To the extent there is an ongoing law enforcement interest, narrow redactions (based on evidence presented to the Court) would satisfy that interest.  And if the concern relates to the disclosure of someone's identity, date of birth, contact information, or financial information, that too can be addressed through appropriate redactions of personally identifiable information.  Even where witness safety is at issue—which is indeed a compelling interest—narrowly tailored redactions offer sufficient protection.  *See Russell*, 762 F. Supp. 3d at 442 (observing that "the

10

Government's interest in protecting witness safety could likely be adequately protected by maintaining the original *Ex Parte* Motions under seal, while also filing unsealed versions of those Motions, with narrowly tailored redactions applied where necessary"). As a case in point, Defendant Dayla Attar's motion to dismiss included a screenshot of an October 4, 2018 WhatsApp message between Victim 1 and Joseph Attar, in which Victim 1's phone number was redacted. ECF No. 45 at 2. This narrow redaction sufficiently protects Victim 1's privacy interests and aptly demonstrates that there are sufficient alternatives to the wholesale sealing of records sought by the Defendants.

Because the Defendants' requests are not narrowly tailored and their motions to seal do not offer an explanation why alternatives to sealing would not provide sufficient protection, their motions to seal should be denied.

### III. The Public Interest in the Actions of a Current Government Official and a Law Enforcement Officer is Particularly High and Favors Access.

Investigations regarding the conduct of public officials are of the utmost public interest. Not surprisingly, courts have recognized that interest while assessing public access rights, and that consideration weighs heavily in any balance between competing access rights and secrecy concerns. *See, e.g.*, *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) ("In balancing the public interest in accessing court documents against a party's interest in keeping the information confidential, courts consider, among other factors, … whether the information concerns public officials or public concerns…."); *United States v. Beckham*, 789 F.2d 401, 413 (6th Cir. 1986) ("[W]hen the conduct of public officials is at issue, the public's interest in the operation of government adds weight in the balance toward allowing permission to copy judicial records."); *United States v. Edwards*, 672 F.2d 1289, 1294 n.11 (7th Cir. 1982) ("[T]here is a

11

strong presumption in support of the common law right to inspect and copy judicial records," particularly where "the trial bore upon the conduct of a public official.").

There can be no doubt that the actions of a sitting State Senator—who was formerly a State Delegate and an Assistant State's Attorney—as well as the actions of a sworn law enforcement officer, are of core public concern. Indeed, the case relates to the alleged efforts of these individuals to prevent the victim from taking any actions that would interfere with Ms. Attar's future election campaigns, thus seeking to manipulate Maryland State elections. The Defendants' motions to suppress and the supporting exhibits go to the heart of their defenses to these allegations, and the public should not be deprived of this newsworthy information in its entirety based on the superficial justifications provided by the Defendants.

## CONCLUSION

For the foregoing reasons, this Court should grant The Baltimore Banner's motion to intervene and should deny the Defendants' motions to seal.

Respectfully submitted,

_____/s/ Anatoly Smolkin_____
Anatoly Smolkin, Fed. Bar No. 18618
Joe Dugan, Fed. Bar No. 19637
Gallagher LLP
650 S. Exeter Street, Suite 1200
Baltimore, MD 21202
(410) 727-7702
asmolkin@gallagherllp.com
jdugan@gallagherllp.com

*Counsel for The Baltimore Banner*

Dated:  April 10, 2026

12