**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. SAG-25-324 |
| | ) | |
| DALYA ATTAR, | ) | |
| JOSEPH ATTAR, | ) | |
|     a/k/a "Yossi Attar," | ) | |
|     a/k/a "Jay Attar," and | ) | |
| KALMAN G. FINKELSTEIN | ) | |
| | ) | |
|     Defendants. | ) | |
| | ) | |

**CONSENT MOTION FOR EXCLUSION OF TIME
FROM SPEEDY TRIAL ACT COMPUTATIONS**

Comes now the United States of America, by and through its counsel, and with the consent of all three defendants, and hereby respectfully submits the Government's Consent Motion for Exclusion of Time from Speedy Trial Act Computations. In support thereof, the Government submits the following:

1. On October 23, 2025, a federal grand jury returned an indictment charging Defendants with Conspiracy, in violation of 18 U.S.C. § 371, Extortion via Interstate Communications, in violation of 18 U.S.C. § 875(d), Interception and Disclosure of a Wire, Oral, or Electronic Communication, 18 U.S.C. § 2511(1)(c) and (d), Travel Act, in violation of 18 U.S.C. § 1952(a)(3) and (b)(2), and Aiding and Abetting, in violation of 18 U.S.C. § 2. *See* ECF No. 1.

2. On October 30, 2025, the defendants had their initial appearances. *See* ECF No. 16. The defendants were released on conditions. *See* ECF No. 11-13.

3. On November 6, 2026, the Court signed an order excluding the time period from November 5, 2025 through December 5, 2025 for the purposes of computing the time within which the trial in this matter must commence under the Speedy Trial Act. *See* ECF 33.

4. On December 9, 2026, the Court signed an order excluding the time period from December 8, 2025 through February 5, 2026 for the purposes of computing the time within which the trial in this matter must commence under the Speedy Trial Act. *See* ECF 42.

5. On December 12, 2026, upon the Defendant's unopposed motion to extend the pretrial motions deadlines to January 19, 2026. *See* ECF 44.

6. On December 16, 2026, counsel for Dalya Attar filed a motion to dismiss Counts Two, Three and Five of the Indictment. *See* ECF 45. That motion remains pending.

7. On January 12, 2026, upon Defendant's motion at ECF 46, the Court granted the Defendants' consent motion for extension of time to file pretrial motions until February 20, 2026. *See* ECF 47.

8. On April 1, 2026, Defendant Joseph Attar filed a Motion to Suppress Cell Phone Evidence, ECF No. 57, and a Motion to Suppress Evidence Obtained through Coercion under seal, ECF No. 59.

9. On April 2, 2026, Defendant Kalman Finkelstein filed a Motion to Suppress and Request for a *Franks* hearing under seal. ECF No. 67.

10. On April 15, 2026, the Government filed a consent motion for extension of time which the Court granted. ECF Nos. 74, 75.

11. On April 24, 2026, Defendant Joseph Attar filed a Motion to Unseal. ECF No. 77. The Court issued an Order directing Defendants Joseph Attar and Kalman Finkelstein to file versions of their motions and exhibits with personal identifying information redacted by May 1,

2026, and directing the Government to file its responses to Defendants' pretrial motions after the redacted versions were filed. ECF No. 79.

12.   On April 30, 2026, the Government filed an Omnibus Opposition to Defendants' respective pre-trial motions. ECF No. 82.

13.   On May 22, 2026, Defendants filed their Replies. ECF Nos. 87–90.

14.   The Government has produced extensive discovery to the defendants. The discovery in this case includes numerous reports, recordings, body worn camera, search warrant returns, including cellular telephone and online account downloads, and other files. The discovery materials in this case are voluminous. The Government will also provide other materials as soon as received. The charges at issue are serious and present potentially complex factual and legal considerations. Defense counsel needs time to review discovery and speak with their clients. As such, the parties desire an exclusion of time to enable the production and review of discovery, including discussion of the discovery with Defendants, and to engage in any discussions regarding potential resolutions before a trial date is set. Specifically, the parties are seeking an exclusion of time from June 2, 2026 through November 23, 2026, for these purposes.

15.   In accordance with the Speedy Trial Act, a criminal defendant must be brought to trial within 70 days of the later of either the filing of an indictment or information or the first appearance before a judicial officer of the court in which the charge is pending. 18 U.S.C. § 3161(c)(1). In a multi-defendant case, the speedy trial clock begins to run from the date the last-named defendant makes his initial appearance before a judicial officer. *See Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); *United States v. Jarrell*, 147 F.3d 315, 316 (4th Cir. 1998).

16.   18 U.S.C. § 3161(h)(7)(A) specifically excludes from the time requirements "any period of delay resulting from a continuance granted . . . at the request of the defendant or his

counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors the Court considers in granting such a motion is whether failure to grant a continuance would result in a "miscarriage of justice," and whether "it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by" Section 3161. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). The Court also considers whether failure to grant a continuance would deny counsel for a defendant or the government "reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv).

17. Pursuant to 18 U.S.C. § 3161(h)(1)(D), "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion," such as those filed by Defendants on December 16, 2025, ECF No. 45, April 1, 2026, ECF Nos. 57, 59, and April 2, 2026, ECF No. 67, is excluded for the purposes of the Speedy Trial Act. The Government nonetheless files this motion out of an abundance of caution to avoid any confusion.

18. In light of the foregoing, the parties submit that the ends of justice served by continuing the trial of this matter beyond the otherwise-applicable speedy trial date outweigh the interests of the defendants and the public in a speedy trial, and, therefore, the resulting delay is permissible pursuant to 18 U.S.C. § 3161(h)(7). The government has substantially produced discovery and has engaged with counsel. The parties require additional time in order to continue to enable further preparation of and for counsel's review of discovery materials, further investigation of the case, the consideration of possible resolution of the case short of trial and/or preparation for litigation, the preparation of pre-trial motions by both the government and defense

(including consideration of motions *in limine*). Given this, the parties believe that holding a trial within 70 days would deny counsel for Defendants and the attorney for the Government the reasonable time necessary for effective preparation.

19.     On May 22, 2026, counsel for the Government sent counsel for Defendants an email regarding this motion.   Counsel for each Defendant has consented to the requested relief. Accordingly, the Government requests, and counsel for Defendants consents to, tolling the speedy trial clock, in the interests of justice, from between June 2, 2026 through November 23, 2026. Moreover, the Government submits that the Defendants will not be prejudiced by the grant of this motion.   The ends of justice will be served by excluding this time period in computing the time within which trial must commence pursuant to 18 U.S.C. § 3161(h), and those ends outweigh the best interests of the public and Defendants in a speedy trial.

WHEREFORE, the parties respectfully request that the time from June 2, 2026 through November 23, 2026, be excluded from Speedy Trial Act computations in this case.   A proposed order is submitted herewith.

Respectfully submitted,

Kelly O. Hayes
United States Attorney

By:     _____/s/_____
Sean R. Delaney
Reema Sood
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court

via the CM/ECF system, and thereby served counsel for the Defendants on June 2, 2026.


Respectfully submitted,

Kelly O. Hayes
United States Attorney


By:          _____/s/_____
Sean R. Delaney
Reema Sood
Assistant United States Attorneys
36 South Charles Street, Fourth Floor
Baltimore, Maryland 21201
(410) 209-4800