**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Crim. No. 25-cr-00324-SAG |
| DALYA ATTAR, et al., | |
| Defendants. | |

**DEFENDANTS DALYA AND JOSEPH ATTAR'S UNOPPOSED MOTION TO SEAL**

Defendants Dalya Attar and Joseph Attar, by and through their undersigned counsel, and pursuant to Local Rule 207.2, hereby move to seal their Emergency Unopposed Motion for Permission to Travel, along with Exhibit 1, and in support thereof state as follows:

1.     "The public has a First Amendment right of access to criminal trials, pretrial proceedings, sentencings, and documents submitted in connection with those proceedings." *United States v. Russell*, 762 F. Supp. 3d 441, 442 (D. Md. 2025) (citing *In re Charlotte Observer (Div. of Knight Pub. Co.)*, 882 F.2d 850, 852 (4th Cir. 1989); *In re Wash. Post Co.*, 807 F.2d 383, 390 (4th Cir. 1986)). However, courts may restrict access to documents submitted in connection with criminal proceedings in order "to serve a compelling government interest." *Id*. (citing *Doe v. Pub. Citizen*, 749 F.3d 246, 266 (4th Cir. 2014)).

2.     The Attars' Motion for Permission to Travel centers on the medical condition of a member of the Attar family and, as such, the Motion is replete with references to individually identifiable health information protected from disclosure under the Health Insurance Portability and Accountability Act of 1996 (HIPAA). *See* 42 U.S.C. §§ 1320d *et seq.*

1

3.      Exhibit 1 to the Motion, which is a document obtained from the Attars' family member's treating physician, also contains protected health information.

4.      Courts within the Fourth Circuit have recognized "a compelling government interest in protecting medical records that are prohibited from disclosure under federal law … ." *Roberson v. Paul Smith, Inc.*, No. 5:07-CV-284-F, 2010 WL 2332282, at \*1 (E.D.N.C. June 9, 2010); *see also Michael T. v. Crouch*, 344 F. Supp. 3d 856, 867 n.11 (S.D.W. Va. 2018). The interest is heightened "where the medical records are of third parties, or are not central to the disposition of a case." *Johnson v. City of Fayetteville*, No. 5:12-CV-456-F, 2014 WL 7151147, at \*11 (E.D.N.C. Dec. 11, 2014) (denying motion to seal where, unlike here, the at-issue health information pertained to the plaintiff and was "a main issue in th[e] case").

5.      The Attars seek to protect from public view highly sensitive and personal HIPAA-protected medical information of a family member who is neither a party to nor a witness in this case, and whose health condition bears no relationship whatsoever to the conduct at issue in this prosecution. Moreover, there are no alternatives to sealing that would provide sufficient protection, as all or nearly all of the contents of the Motion and Exhibit relate to the protected health information described.

6.      The government does not oppose this Motion to Seal.

WHEREFORE, for the foregoing reasons, Dalya and Joseph Attar respectfully request that the Court enter an order sealing their Emergency Unopposed Motion for Permission to Travel, and Exhibit 1.

Dated: June 29, 2026

*/s/ A. Jeff Ifrah*
A. Jeff Ifrah (Bar No. 18194)
James M. Trusty (Bar No. 14497)
IFRAH PLLC

1717 Pennsylvania Ave, N.W.
Suite 650
Washington, D.C. 20006
Tel. (202) 524-4140
Fax (202) 524-4141
jeff@ifrahlaw.com
jtrusty@ifrahlaw.com

*Counsel for Senator Dalya Attar*


*/s/ Gregg L. Bernstein*
Gregg L. Bernstein (Bar No. 01340)
Samantha A. M. Kavanagh (Bar No. 21374)
ZUCKERMAN SPAEDER LLP
100 East Pratt Street, Suite 2440
Baltimore, MD  21202
Tel No. (410) 332-0444
Fax No. (410) 659-0436
gbernstein@zuckerman.com
skavanagh@zuckerman.com

*Counsel for Defendant Joseph J. Attar*


## CERTIFICATE OF SERVICE

I certify that on June 29, 2026, I caused a copy of the foregoing to be served via CM/ECF

on all counsel of record.

*/s/ Gregg L. Bernstein*
Gregg L. Bernstein